# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **Kayla Poole and Holly Hilton, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.:** |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **La Cima Restaurants, LLC, d/b/a Twin Peaks** | ) ) ) | |
| **Defendant.** | ) | |

## COLLECTIVE ACTION COMPLAINT

Kayla Poole and Holly Hilton, on behalf of themselves and all others similarly situated, allege the following as their Collective Action Complaint:

## I. <u>INTRODUCTION</u>

1. This is a collective action brought on behalf of "Tipped Employees" who work or have worked at restaurants operating under the trade name "Twin Peaks," in Birmingham, Alabama and in other states owned and operated by La Cima Restaurants, LLC ("LCR"). LCR owns and operates approximately fifteen Twin Peaks locations in six (6) states. LCR is referred to herein as "Twin Peaks".

2. Twin Peaks employs waiters, waitresses, and bartenders (collectively,

"Tipped Employees") who are subjected to Defendants' unlawful pay practices.

3.     As explained in detail below, Twin Peaks systematically and willfully denies Tipped Employees wages due and owing under the Fair Labor Standards Act, 29 U.S.C. § 201, *et.seq.* ("FLSA").

4.     As set forth below, Defendant violated the aforementioned laws by failing to satisfy the notice requirements of the tip credit provisions of the FLSA and failing to ensure that Tipped Employees earn the mandated minimum wage when taking the tip credit.

5.     Moreover, Defendants failed to pay Tipped Employees properly for all their compensable time.  Tipped Employees were paid only $2.13 per hour for time spent before their shifts where there were no customers, and hence no chance to ear tips.

6.     Twin Peaks improperly required its employees to purchase special outfits to wear at work for approximately one(1) week per month. The outfits were not clothes that could be worn outside of work such as "snow bunny" outfits; Christmas lingerie; St. Patrick's Day lingerie; and "Sweetheart" lingerie. The Tipped Employees were also required to purchase college and professional football themed t-shirts from Twin Peaks for football Saturdays and Sundays during the fall.  Twin Peaks required the t-shirts to be cut up such that they could not be worn anywhere but at the

restaurant during work. The costs of those clothing items were not reimbursed by Twin Peaks. As such, they drove the tipped Employees' pay rate beneath the minimum wage for the time periods they had to be purchased by the Tipped Employees.

7. In addition, Twin Peaks failed to pay the Tipped Employees for the hours worked. In other words, the $2.13 per hour the Tipped employees were to be paid while working as tipped employees was not paid.

8. Due to Defendant's unlawful practices concerning gratuities, including its failure to properly inform Tipped Employees of its intention to utilize a "tip credit" and specifying the precise amount it was taking, and failing to guarantee that Tipped Employees earned sufficient tips to claim the tip credit, Defendant has improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

9. As a result of the aforementioned pay practices, Plaintiffs and the members of the Class (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

10. Plaintiffs bring this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

("FLSA" or the "Act").

11.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendant at any of its Twin Peaks restaurant locations within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("the Class").

12.     Plaintiffs allege on behalf of the Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendants failed to comply with all the requirements necessary to claim the tip credit and pay the mandatory minimum wage, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

## PARTIES

13.     Plaintiff Kayla Poole is a resident of Jefferson County, Alabama, is over the age of nineteen (19), and was employed at the Hoover, Alabama Twin Peaks as a Tipped Employee from November of 2014 until June of 2016, who Defendant failed to compensate properly for all hours worked.

14.     Plaintiff Holly Hilton is a resident of Calhoun County, Alabama, is over the age of nineteen (19), and was employed at the Hoover, Alabama, Twin Peaks location as a Tipped Employee from September of 2016 until the present, who

Defendant failed to compensate properly for all hours worked.

15.     Pursuant to Section 216(b) of the FLSA, Plaintiffs have consented in writing to be Plaintiffs in this action.  Their executed Consent to Sue forms are attached hereto as Exhibits A – B.

16.     Defendant La Cima Restaurants, LLC, is a Georgia limited liability company that operates approximately fifteen (15) Twin Peaks restaurants under the trade name Twin Peaks.  At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business in those locations, and has gross receipts of over $500,000.00 per year.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

19.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **FACTUAL ALLEGATIONS**

20.     The crux of the FLSA is: (1) that all employees are entitled to be paid mandated minimum wages for all hours worked; and (2) that all gratuities earned are the property of the employees.

21.     Contrary to these basic protections, Plaintiffs and the members of the Class were: (1) deprived of the mandated minimum wage for all hours they worked; and (2) forced to improperly share a percentage of their gratuities with Defendant to reimburse Defendant for its ordinary business expenses.

22.     Plaintiffs and the members of the Classes are, or were, Tipped Employees employed by Defendant.

23.     Plaintiffs typically worked shifts lasting anywhere from six (6) to twelve (12) hours. They typically worked anywhere from three (3) to six (6) shifts per week and worked, on average, approximately twenty (20) hours or more per week.

24.     Twin Peaks typically had two different shifts per day.  The shifts began at 10:30 a.m., and the evening shifts began at 4:30.  However, the Tipped Employees had to work longer than those hours, and did not get paid for the hours worked.  Moreover, they did not even get paid the tipped wage for the time worked.

25.     The Tipped Employees, by policy and per management direction, were required to arrive at the restaurants thirty (30) minutes before their shifts to do

preparatory work, to have a pre-shift meeting, and to be inspected as to their appearance. The Tipped Employees' hair, makeup, fingernail polish, and general appearance had to be approved prior to the Tipped Employees beginning their shifts. During this time, the Tipped Employees were not paid the $7.25 minimum wage, but were paid the $2.13 tipped employee rate. This was and is improper as the Tipped Employees cannot earn tips during this time because they are not waiting on customers.

26.     The paragraph above is, in part, moot, because not only were the Tipped Employees not paid the required $7.25 for this off the clock work, but they were not paid the $2.13 per hour tipped employee rate for the hours worked on the clock. They were not paid at all for their hours worked.

27.     When the Tipped Employees received what should have been their bi-weekly pay checks, they would receive a pay stub indicating hours worked and withholdings, but the "check" they got for those hours was marked "VOID", and was for $0.00, anyway. They just did not get paid.

**Defendant's Uniform Policy**

28.     The Tipped Employees' uniforms consisted of boots, socks, khaki shorts, and a lumberjack themed top, tied at the waist. The Tipped Employees were required to purchase all elements of this uniform, except for the top, which was provided by

Twin Peaks.

29.     However, for approximately one week per month, the Tipped Employees had to wear seasonally themed outfits to work. For example, in December the Tipped Employees had to wear Christmas themed lingerie; in January they had to wear "snow bunny" bikinis; in February they wore "Sweetheart" lingerie; and in March, it was green St. Patrick's Day lingerie. And the list went on for each month. The Tipped Employees had to pay for these outfits, and were not reimbursed. This brought their pay for those weeks beneath the minimum wage of $7.25 per hour.

30.     Additionally, on Saturdays and Sundays during the football season, the Tipped Employees were required to purchase college and professional football themed t-shirts from Twin Peaks.  Those t-shirts were then "cut-up", along the bustline, and at the midriff, such that they could not be worn anywhere else.

31.     The Tipped Employees were not reimbursed for the purchase of the t-shirts, and so, like with the seasonal outfits, this made their wages below the $7.25 mandated by the FLSA.

32.     Tipped Employees were required to clock out at the end of their shifts before changing out of their uniforms and leaving for the evening. It took Plaintiffs, on average, approximately ten (10) minutes to change out of their uniforms and into street attire.

33.    Pursuant to Defendant's uniform policies and practices, Tipped Employees were not compensated for the time spent donning and doffing their uniforms.

**The Tip Credit Provision & Requirements**

34.    Rather than pay its Tipped Employees the applicable minimum wage, the Defendant chose to take a tip credit and pay these employees less than the applicable minimum wage.

35.    Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than minimum wage, provided that the employee's tips received from customers plus the tip credit paid by the employer equals at least the applicable minimum wage.[1]

36.    According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

---

[1] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in the excess of the applicable minimum wage. That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit provided the tips claimed exceed the tip credit. Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

37.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tip received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).

38.     Moreover, an employer must explicitly notify the employee as to the amount of the tip credit and inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

39.     An employer bears the burden of showing that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.[2] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

40.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit

---

[2] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly case component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

**Defendant's Failure to Notify Tipped Employees**

41.     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

42.     Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendant chose to simply take the tip credit without explaining it to its Tipped Employees. In short, Defendant failed to inform its Tipped Employees of: (i) the intention to take the tip credit, (ii) the amount Defendant intended to claim as a tip credit, and (iii) that all tips are to be retained by the Tipped Employee.

43.     Courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer forfeits the tip credit and must pay the employee the full minimum wage.

44.     Indeed, Plaintiffs do not ever recall being notified by Defendant that they intended to take a "tip credit," nor how much that amount would be. Plaintiffs never heard the term "tip credit" while working at Tilted Kilt.

**Defendant's Failure To Ensure Tipped Employees Earned
The Full Minimum Wage**

45.     During the course of Plaintiffs' employ, there were shifts worked by Plaintiffs where, despite working a full shift (consisting of six hours or more), they earned less than $25 in tips. Indeed, Plaintiffs can recall several instances where they earned below the amount that would make up the difference between the $2.13 tipped rate and the $7.25 minimum wage, per hour, and still had to tip out other employees, leaving a pittance for a full shift of work.

46.     In contravention of applicable law, when Plaintiffs and other Tipped Employees earned little or no tips, Defendant did not raise a Tipped Employee's hourly wage to ensure that said employee earned at least the minimum wage.

47.     Defendant made no efforts to comply with applicable minimum wage requirements. Instead, Defendant's computer program required Plaintiffs and other Tipped Employees to claim credit card tips even if they did not receive such tips as they were required to participate in a tip pool. For example, if Plaintiffs worked a shift and only had one $10.00 tip that they received from a customer's credit card, Defendant required Plaintiffs to declare that $10.00 tip even though Defendant required Plaintiff to pay a portion of that amount into the tip pool.

48.     Further, as set forth above, Defendant failed to confirm that Plaintiffs and

other Tipped Employees earned at least the minimum requirement in tips to ensure Plaintiffs and other Tipped Employees earned at least the minimum wage for every hour worked.

49.     Consequently, Defendant wholly failed to ensure that Tipped Employees were earning at least the applicable minimum wage for every hour worked.

50.     As DOL Fact Sheet #15 makes clear, an employer can only take the tip credit where it properly notifies its employees of their intention to claim the tip credit and, despite taking the tip credit, ensures that its employees actually earn at least the applicable minimum wage.

51.     Because Defendant has failed to notify its Tipped Employees that they intended to claim the tip credit and failed to ensure Tipped Employees earned at least the applicable minimum wage for every hour worked, Plaintiffs and the other Tipped Employees are owed the full minimum wage for every hour worked.

**Failure To Pay Wages At All**

52.     Not only did Defendant improperly "pay" the Tipped Employees the tipped rate before shifts when there were no customers to be served, but Defendant failed to pay any hourly wages at all, making the Tipped Employees work only for tips.

53.     While a tip credit of $5.13 per hour may be claimed in certain

circumstances, a direct cash wage of $2.13 per hour must be paid to the Tipped Employees.

54.     This was not done in this case. The tipped Employees received paystubs calculating their wages and deductions, but instead of paying the Tipped Employees their hourly rate, La Cima did not pay them at all, and issued checks reading "VOID" which were for $0.00.

**Defendant's Uniform Policy Drove Tipped Employees' Pay Below The Minimum Wage**

55.     Tipped Employees are also required to bear the costs of such overhead expenses as uniforms.

56.     As set forth above, Defendant required its Tipped Employees to purchase the seasonal outfits and the football themed t-shirts. The cost of these uniform requirements was not reimbursed.

57.     As a consequence of the foregoing, the Tipped Employee's pay rate for the pay period in which the uniform was purchased fell below the mandated minimum wage.

58.     Due to Defendant's practices described above, Tipped Employees have been deprived of payments to which they are entitled.

59.     Defendant has been unjustly enriched to the detriment of the Classes by:

(i) requiring Tipped Employees to reimburse Defendant for its business losses; (ii) requiring Tipped Employees to reimburse Defendant for its ordinary business expenses; (iii) paying Tipped Employees less than the mandated minimum wage while failing to comply with the requirements for doing so; and (iv) failing to pay Tipped Employees for all hours worked.

60.     Evidence generally reflecting the number of uncompensated hours worked by Tipped Employees is in the possession of Defendant.

61.     While Plaintiffs are unable to state at this time the exact amount owed to the Classes, Plaintiffs believe that such information will become available during the course of discovery through Defendant's records. Regardless of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See* Anderson v. Mt. Clemons Pottery Co., 328 U.S. 680 (1946).

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act, 29, U.S.C. §§ 207 and 216(b) on behalf of the following class:

> All current and former Tipped Employees who have worked for Defendant at any of La Cima Restaurants, LLC's Twin Peaks locations, within the statutory period

15

covered by this Complaint, and elect to opt-in to this action
pursuant to the FLSA, 29 U.S.C. § 216(b) ("the Class").

63.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

64.     Plaintiffs will fairly and adequately protect the interest of the Classes as their interests are in alignment with those of the members of the Classes.  Plaintiffs have no interests adverse to the Classes they seek to represent, and have retained competent and experienced Counsel.

65.     The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it difficult for members of the Class to individually seek redress.

66.     Plaintiffs and the Class have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices. These practices are uniform, and apply in the same manner to each member of the Class such that they are similarly situated pursuant to 219 U.S.C. § 216(b).

67.     Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§

201 *et seq*. The foregoing conduct, as alleged, constitutes a willful violation fo the FLSA within the meaning of 29 U.S.C. § 255(a).

**COUNT I**
**CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of Plaintiffs and the Collective Class)**

68.     Plaintiffs, on behalf of themselves and the Collective Class, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

69.     At all relevant times, Defendant has had gross revenues in excess of $500,000.00 per annum.

70.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

71.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and each of the Collective Class Members within the meaning of the FLSA.

72.     Pursuant to Defendant's compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendant took a tip credit and paid Tipped Employees only the tip-credit wage.

73.     At relevant times in the period encompassed by this Complaint,

Defendant has a willful policy and practice of requiring Tipped Employees to surrender a portion of their tips to Defendants to cover case shortages and walk outs.

74.     At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of failing to satisfy the notification requirements in order for Defendant to claim the tip credit.

75.     At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of requiring Tipped Employees to work off-the-clock. When this time is properly accounted for, Tipped Employees were paid less than the required case component of the tip credit. At all relevant times Plaintiffs and the Class were not paid even the fixed wage of $2.13 for hours worked. However, because the tip credit was not properly applied, Plaintiffs and the Class are entitled to $7.25 for every hour worked.

76.     As a result of the Defendant's willful practices, Defendant was not entitled to pay Plaintiffs and the members of the Collective Class less than the mandated minimum wage for all hours worked.

77.     Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*. The Foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78.     Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves

and the members of the Collective Class, are entitled to recover from Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**CLAIM FOR RELIEF**
**COMMON LAW UNJUST ENRICHMENT**
**(On Behalf of Plaintiffs and the Collective Class)**

79.     Plaintiffs, on behalf of themselves and the Collective Class Members, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

80.     Plaintiffs and members of the Class were employed by Defendant within the meaning of the Alabama state laws.

81.     At all relevant times, Defendant had a willful policy and practice of denying Tipped Employees their full share of gratuities.

82.     During the class period covered by this Complaint, Plaintiffs and Tipped Employees were subjected to unlawful deductions from their gratuities.

83.     Defendant retained the benefits of its unlawful deductions from the gratuities from Plaintiffs and Tipped Employees under circumstance which rendered it inequitable and unjust for Defendant to retain such benefits.

84.     Defendant was unjustly enriched by subjecting Plaintiff and Tipped Employees to such unlawful deductions.

85.     As direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the members of the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Class.

86.     Plaintiffs, on behalf of themselves and the members of the Class are entitled to reimbursement, restitution and disgorgement of monies received by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the Collective Class respectfully request the Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiffs' counsel as a class counsel for the Collective Class;

C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

20

D. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E. An award of unpaid minimum wages to Plaintiffs and the members of the Class;

F. Restitution of wages and gratuities improperly retained by Defendant;

G. An award of liquidated damages to Plaintiffs and members of the Class;

H. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs and members of the Class; and

I. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

 /s/ Brian M. Clark
Brian Clark (CLA093)
(ASB-5319-r78b)
Attorney for Plaintiffs

**OF COUNSEL:**

Wiggins Childs Pantazis Fisher & Goldfarb
The Kress Building
301 19th St. No.
Birmingham, Alabama 35203
Telephone:   (205) 314-0500
Fax:          (205) 254-1500
bclark@wigginschilds.com
Allan L. Armstrong

Armstrong Law Center, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama 35216

Darrell Cartwright
Cartwright Law Center
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama 35216

**Serve Defendant via Certified Mail:**

La Cima Restaurants, LLC
Registered Agent Solutions, Inc.
2094 Myrtlewood Drive
Montgomery, AL 36111

/s/ Brian M. Clark_____